**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER J. POTTER | ) |
| | ) |
| Petitioner, | ) |
| v. | )    Case No. 4:24-cv-00245-SEP |
| | ) |
| MICHELLE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Christopher J. Potter's Motion to Appoint Counsel, Doc. [2]. For the reasons set forth below, the motion is denied.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams*, 788 F.2d 1219, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, the United States Court of Appeals for the Eighth Circuit has instructed courts to consider the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Id.* (citing *Phillips*, 437 F.3d at 794).

Petitioner has not shown that he cannot adequately present his claims to the Court, and nothing in his motion or the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel in this matter. Thus, the Court will deny the motion without prejudice at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Appoint Counsel, Doc. [2], is **DENIED** without prejudice.

Dated this 6th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE